UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| PATHMANN PAINT CORPORATION, | ) CASE NO.: 08-B-16247 |
| | ) |
| | ) HEARING DATE: Tuesday, April 5, 2011 |
| DEBTOR. | ) HEARING TIME: 9:30 A.M. |
| | ) |
| | ) HONORABLE JACQUELINE P. COX |
| | ) U.S. BANKRUPTCY JUDGE |

## NOTICE OF MOTION

To:   See Attached Service List

   **PLEASE TAKE NOTICE** that on **April 5, 2011**, at the hour of **9:30 a.m.**, I shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge, or any Judge sitting in her stead, in Courtroom 619, 219 South Dearborn Street, Chicago, Illinois, and then and there present **TRUSTEE'S MOTION FOR AUTHORITY TO WAIVE FILING OF TRUSTEE'S FINAL REPORT, DISTRIBUTE FUNDS TO FIRST SECURED CREDITOR AND TO CLOSE CASE,** a copy of which is attached hereto, made a part hereof, and herewith served upon you.

                    /s/ Karen R. Goodman
                    Karen R. Goodman, Trustee

Karen R. Goodman, Esq.
SHEFSKY & FROELICH LTD.
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713
Phone: (312) 527-4000
Fax: (312)275-7570

## CERTIFICATE OF SERVICE

   The undersigned attorney certifies that copies of this **Notice and Trustee's Motion for Authority to Waive Filing of Trustee's Final Report, Distribute Funds to the First Secured Creditor and to Close Case** were served upon the above persons by placing copies of same in the U.S. Mail at 111 East Wacker Drive, Chicago, Illinois, with proper postage prepaid on **March 22, 2011**

                    /s/ Karen R. Goodman
                    Karen R. Goodman, Trustee

1176996_1

## SERVICE LIST

Denise A. DeLaurent
United States Trustee
219 South Dearborn, Suite 873
Chicago, Illinois 60604

Joseph E Cohen
Cohen & Krol
105 West Madison Suite 1100
Chicago, IL 60602

Midwest Bank and Trust Company
501 West North Avenue
Melrose Park, IL 60160

August A. Pilati
August A. Pilati & Associates Ltd.
53 West Jackson Boulevard, Suite 528
Chicago, Illinois 60604

Fifth Third Bank
c/o David L. Hazan, Diver Grach
Quade & Masini, LLP
111 N. County Street
Waukegan, IL 60085

1176996_1

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| PATHMANN PAINT CORPORATION, | ) CASE NO.: 08-B-16247 |
| | ) |
| | ) HEARING DATE: Tuesday, April 5, 2011 |
| DEBTOR. | ) HEARING TIME: 9:30 A.M. |
| | ) |
| | ) HONORABLE JACQUELINE P. COX |
| | ) U.S. BANKRUPTCY JUDGE |

## TRUSTEE'S MOTION FOR AUTHORITY TO WAIVE FILING OF TRUSTEE'S FINAL REPORT, DISTRIBUTE FUNDS TO FIRST SECURED CREDITOR AND TO CLOSE CASE

NOW COMES Karen R. Goodman, Trustee of the Estate of Pathmann Paint Corporation ("Trustee") and moves for the entry of an order waiving the filing of the Trustee's Final Report, authorizing distribution to the first secured creditor and directing the Clerk of the Bankruptcy Court to close the case. In support of this Motion, the Trustee states as follows:

1. On June 24, 2008, Pathmann Paint Corporation, Inc. ("Debtor") filed a Petition for Voluntary Relief pursuant to Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). On October 23, 2008, this Court entered an Order converting this case from Chapter 11 to Chapter 7 of the Bankruptcy Code. Karen R. Goodman was appointed interim Trustee by the United States Trustee, and since the first meeting of creditors has been duly appointed and acting Trustee in this case.

2. At the time of conversion of the case, the Trustee was aware that Midwest Bank and Trust Company ("Midwest Bank") held a blanket first security interest in all of the assets of the Debtor[1], which operated two retail paint stores in Palatine and Lake Zurich, from property owned by the principals of the Debtor. At the time of the filing of the Chapter 11 case, the

---

[1] Midwest Bank's UCC Statement covering all of the Debtor's assets was filed on April 13, 2004.

Debtor had scheduled assets consisting of office equipment, point-of-sale equipment, inventory, accounts receivable and certain co-op payments due in an amount in excess of $550,000.00. The Debtor's Estate was closely tied to the bankruptcy case of the principals of the Debtor, Steven and Lynn Pathmann, which case holds the commercial real estate from which the Debtor operated. Midwest Bank also holds the first lien on the majority of the assets of Steven and Lynn Pathmann. Accordingly, the Trustee and Midwest Bank agreed that the best way to liquidate the assets in both cases was for the Trustee to commence immediate efforts to sell the assets of the business and the real estate. However, due to the economic downturn that had commenced slightly before the time of the conversion, the Trustee found it very difficult find buyers for the assets of this Debtor, as well as the assets of the Estate of the principals of the Debtor.

3.    The Trustee contacted American Auction Associates, Inc., to inspect and value the Debtor's assets at the two business locations. The president of American Auction, Don Dodge, advised the Trustee that the cost of the auction was likely to exceed the proceeds of a sale. Thereafter, the Trustee was approached by an entity that offered to purchase the Debtor's assets, including certain inventory, office furniture and other furnishings, shelving, window treatments, paints and wallpaper samples and equipment located at the two former business premises of the Debtor for $15,000.00. After consulting with and obtaining the agreement of Midwest Bank, the Trustee filed a Motion to Sell, which was approved by the Court along with the Trustee's proposal to disburse the proceeds of this sale as follows: $3,000.0 to the Trustee pursuant to Section 506(c) of the Bankruptcy Code for compensation and reimbursement of expenses, including attorney's fees incurred by the Trustee in preserving and disposing of the assets sold, and the balance of the purchase price to Midwest Bank in payment of its secured debt.

4.   The remaining funds in the Estate, which total $1,528.99, were received by the Trustee for certain refunds of deposits the Debtor had with utility companies. These funds would be covered by Midwest Bank's blank lien on the Debtor's assets.

5.   The Trustee has reviewed the claims in this case and only one other creditor, Fifth Third Bank ("Fifth Third"), has filed a secured claim in this case. The claim of Fifth Third attaches a copy of its UCC Financing Statement filed on December 8, 2005. Accordingly, Fifth Third's blank security interest in the Debtor's assets is subordinate to the security interest of Midwest Bank in the same assets. The claim of Midwest Bank is in excess of $2,900,000.00, which renders Fifth Third's claim unsecured.

6.   The Trustee' requests that the remaining funds in the Debtor's Estate in the total amount of $1,528.99 be turned over to Midwest Bank, without the need for the trustee to incur the cost and time involved in the filing of the Trustee's Final Report, since no creditors other than Midwest Bank will be paid.

7.   Attached hereto as Exhibit A are copies of the Forms 1 and 2 prepared by the Trustee in this case.

8.   The Trustee requests that this Court limit notice of this Motion to the Debtor, the U.S. Trustee and all secured creditors in this case.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests the entry of an Order as follows:

A.   Authorizing the Trustee to disburse all proceeds of the Estate to Midwest Bank;

B.   Waiving the filing of Trustee's Final Report in this case;

C.   Directing the Trustee to file a Final Account in this case after receipt of a zero balance bank statement; and

D.  Directing the Clerk of the Bankruptcy Court to close this case after the Trustee's Final Account is filed.

Respectfully submitted,

/s/ Karen R. Goodman
Karen R. Goodman, Trustee

Karen R. Goodman (#1008242)
SHEFSKY & FROELICH LTD.
111 East Wacker Drive, Suite 2800
Chicago, Illinois  60601-3713
(312) 527-4000
(312) 275-7570
1176996_1